UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-23683-CIV-HUCK/O'SULLIVAN

LEANDRO BOUZA, EDDY HERNANDEZ,
ERIQUE MONTEJO, RAUL M. RIVAS,
and other similarly-situated individuals,

    Plaintiff,
v.

CROWN GLOBAL SERVICES CORPORATION,
SINAPSIS TRADING U.S.A., LLC d/b/a
TRUESTAR GROUP S.P.A., TARIK KING,
JORGE L. GONZALEZ, individually,
GIUSEPPE SGOVIO, individually,
CRISTINA TALIN, individually,

    Defendants.
_____/

**ORDER APPROVING SETTLEMENT AGREEMENT AND
RECOMMENDING THAT THE CASE BE DISMISSED WITH PREJUDICE
AS TO ALL DEFENDANTS EXCEPT TARIK KING**[1]

THIS MATTER came before the Court following a settlement conference before the undersigned and the Court having conducted a hearing concerning the settlement.

THE COURT has heard from counsel and considered the terms of the settlement agreement, the pertinent portions of the record, and is otherwise fully advised in the premises.

This case involves a claim for unpaid minimum wage and overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, et seq ("FLSA"). In reviewing a settlement of an FLSA private claim, a court must "scrutiniz[e] the settlement for fairness," and determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." Lynn Food Stores v. United States, 679 F.2d 1350, 1352-53 (11th

---

[1] This settlement does not include defendant Tarik King.

Cir. 1982). A settlement entered into in an adversarial context where both sides are represented by counsel throughout litigation "is more likely to reflect a reasonable compromise of disputed issues." Id. The district court may approve the settlement in order to promote the policy of encouraging settlement of litigation. Id. at 1354.

In this case, there is a bona fide factual dispute over the number of hours worked by the plaintiffs and a factual dispute as to whether there was any retaliation. The Court has reviewed the terms of the settlement agreement including the amount to be received by each plaintiff and the attorney's fees and costs to be received by counsel and finds that the compromise reached by the parties is a fair and reasonable resolution of the parties' bona fide disputes. Accordingly, it is

**ORDERED AND ADJUDGED** that the parties' settlement agreement (including attorney's fees and costs) is hereby APPROVED. It is further

**RECOMMENDED** that this case be dismissed with prejudice as to all defendants with the exception of Tarik King. As to the dismissed defendants, the undersigned RECOMMENDS that the Court retain jurisdiction until **Wednesday, March 19, 2014** to enforce the settlement terms.[2]

**DONE AND ORDERED** in Chambers at Miami, Florida this **8th** day of January, 2014.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Huck
All counsel of record

---

[2] At the January 8, 2014 fairness hearing, the parties consented to magistrate judge jurisdiction for all further proceedings related to this settlement, including any enforcement motions.